UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: BERNARD C. LYLES<br><br>DEBTOR(S) | CASE NO: 13-03204<br><br>CHAPTER 13 |
| Address: 13 Trotwood Dr., Columbia SC 29209 | MOTION TO MODIFY PLAN AFTER CONFIRMATION AND OPPORTUNITY FOR HEARING |
| Last four digits of Social-Security: xx 0133 | |

    The Court has confirmed a chapter 13 plan in this case. The debtor(s) move, pursuant to 11 U.S.C. § 1329(a), and Fed. R. Bankr. P. 3015(h), to modify the confirmed plan. A copy of the plan with these modifications included is attached.

    TAKE NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than 21 days after the service of the modified chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a), on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s).

    TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on **January 24, 2019 at 9:00 a.m.**, at United States Bankruptcy County, 1100 Laurel Street, Columbia, South Carolina 29201. No further notice of this hearing will be given.

Date: 12/13/2018

    /s/ Jason T. Moss

Jason T. Moss
Moss & Associates, Attorneys P.A.
816 Elmwood Avenue
Columbia, SC 29201
District Court I.D. #7240
Attorney for the Debtor
(803)933-0202

EXHIBIT A TO SC LBR 3015-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>DEBTOR(S)<br><br>**BERNARD C. LYLES**<br><br><br><br><br>DEBTOR(S) | CASE NO: <u>13-03204</u><br>CHAPTER: <u>13</u><br><br>NOTICE, AMENDED CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

       A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

**II.   MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

---

      1      When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **FRIENDLY FINANCE (HOUSEHOLD GOODS)** | 3,500.00 | UNKNOWN | 3,500.00 | 810.00 | 0.00 | **FULL BALANCE OWED** |

B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Total Equity (Value of debtors property less senior/ unavoidable liens) | Debtors Equity (Total equity multiplied by debtors proportional interest in property) | Applicable Exemption and Code Section | Non-exempt Equity (Debtors equity less exemption) | Estimated judicial lien | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| **-NONE-** | | | | |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of $ **587** per month for 8 months followed by $ **645** per month for 52 months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

---

[2]    For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payment as follows:

A. Attorney for the debtor:

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $**3,000** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $**419** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

B. Secured Creditor Claims: The plan treats secured claims as follows:

1. General Provisions: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to _____ and will continue regular payments directly to that creditor. description of collateral:

3. <u>Long term or mortgage debt. Curing default</u>: 11 U.S.C. 1322(b)(3) and/or (5):

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to _____ at the rate of $____ or more per month, for _____, along with ____% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning _____, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance</u>: The trustee shall pay _____ the sum of $_____ or more per month, along with ____% interest until the secured claim of $_____ established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>: The trustee shall pay **TITLEMAX** the sum of $ **13.00** or more per month, along with **5.25**% interest until the allowed secured claim is paid in full.

6. <u>Surrender of property</u>: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **RESIDENTIAL CREDIT SOLUTIONS/MTGLQ INVESTORS, LP - 13 TROTWOOD DR., COLUMBIA SC 29209** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. <u>Secured tax debt</u>: The trustee shall pay _____ the sum of $ ____ or more per month until the <u>net balance/value</u> of creditor's secured claim plus _____% interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors</u>: Priority claims shall be paid as follows:

1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____, at the rate of $____ or more per month until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. §1322(a)(2).)

2. <u>Other Priority debt</u>. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $_____ or more per month

by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

      E. <u>General Unsecured Creditors</u>: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor __**does not**__ propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date:   12/13/18                                                                                  BY:/s/ JASON T. MOSS
                                                                                               JASON T. MOSS
                                                                                               Moss & Associates, Attorneys P.A.
                                                                                               816 Elmwood Avenue
                                                                                               Columbia SC 29201
                                                                                               (803)933-0202
                                                                                               District Court I.D. #7240
                                                                                               Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: BERNARD C. LYLES | CASE NO: 13-03204<br>CHAPTER: 13<br><br>DEBTOR'S STATEMENT<br>IN SUPPORT OF CONFIRMATION |
| _____ DEBTOR(S) | |

In connection with the plan dated ___12/13/18___ the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date ___12/13/18___          /s/ Bernard C. Lyles_____
                             Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: BERNARD C. LYLES

DEBTOR(S)

CASE NO: 13-03204
CHAPTER: 13

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT HE/SHE HAS PROPERLY SERVED *THE MODIFIED PLAN AND MOTION TO MODIFY* TO ALL CREDITORS VIA REGULAR MAIL, POSTAGE PREPAID.

William K. Stephenson, Jr.
Chapter 13 Trustee
Electronic Service Only

See Attached List

Date: 12/14/18

/s/ Cameron Pruitt
Bankruptcy Paralegal
Moss & Associates Attorneys PA

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 13-03204-jw<br>District of South Carolina<br>Columbia<br>Thu Dec 13 15:25:48 EST 2018 | AMCOL SYSTEMS<br>PO BOX 21625<br>Columbia SC 29221-1625 | ATTORNEY GENERAL OF UNITED STATES<br>950 PENNSYLVANIA AVE, NW<br>Washington DC 20530-0001 |
| John Douglas Barnett<br>U.S. Attorney's Office<br>1441 Main St #500<br>Columbia, SC 29201-2862 | CAPITAL ACCOUNTS LLC<br>PO BOX 140065<br>Nashville TN 37214-0065 | (p)PROFESSIONAL RECOVERY CONSULTANTS INC<br>2700 MERIDIAN PARKWAY<br>SUITE 200<br>DURHAM NC 27713-2450 |
| FRIENDLY FINANCE<br>PO BOX 3146<br>Spartanburg SC 29304-3146 | HARVARD COLLECTION SERVICES<br>4839 N. ELSTON AVE<br>Chicago IL 60630-2589 | Christina R. Hunoval<br>The Hunoval Law Firm PLLC<br>501 Minuet Lane, Suite 104A<br>Charlotte, NC 28217-2710 |
| IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | IRS - US Attorney<br>J. Douglas Barnett, AUSA<br>1441 Main Street<br>Suite 500<br>Columbia, SC 29201-2897 | Louise m. Johnson<br>Riley Pope & Laney, LLC<br>2838 Devine Street<br>Columbia, SC 29205-2508 |
| Bernard C. Lyles<br>13 Trotwood Dr<br>Columbia, SC 29209-4813 | MOSS & ASSOCIATES, ATTORNEYS, P.A.<br>816 ELMWOOD AVENUE<br>Columbia SC 29201-2027 | MTGLQ Investors, L.P.<br>c/o Ocwen Loan Svc, LLC<br>POB 24605<br>West Palm Beach, FL 33416-4605 |
| MTGLQ Investors, LP<br>c/o Rushmore Loan Management<br>15480 Laguna Canyon Rd Ste 100<br>Irvine CA 92618-2132 | Jason T. Moss<br>Moss & Associates, Attorneys, P.A.<br>816 Elmwood Avenue<br>Columbia, SC 29201-2027 | Ocwen Loan Servicing, LLC<br>Attn: Bankruptcy Department<br>P.O. BOX 24605<br>West Palm Beach, FL 33416-4605 |
| T. Lowndes Pope<br>Riley Pope and Laney, LLC<br>Post Office Box 11412<br>Columbia, SC 29211-1412 | RESIDENTIAL CREDIT SOLUTION<br>350 S. GRAND AVE 47th FL<br>Los Angeles CA 90071-3406 | RESIDENTIAL CREDIT SOLUTIONS<br>PO BOX 163349<br>Fort Worth TX 76161-3349 |
| RICHLAND COUNTY<br>PO BOX 11947<br>Columbia SC 29211-1947 | Residential Credit Solutions<br>PO Box 163229<br>Ft Worth, TX 76161-3229 | SC DEPT OF REVENUE<br>PO BOX 12265<br>Columbia SC 29211-2265 |
| SFC-Central Bankruptcy<br>P.O. Box 1893<br>Spartanburg, S.C. 29304-1893 | William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 | (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US ATTORNEY'S OFFICE<br>ATTN DOUG BARNETT<br>1441 MAIN ST STE 500<br>Columbia SC 29201-2862 | WESTON ADAMS LAW FIRM<br>1501 RICHLAND ST<br>Columbia SC 29201-2609 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CREDIT FINANCIAL SERVICES, INC<br>3800 Guess Road<br>Durham NC 27701 | TITLEMAX<br>7354 GARNERS FERRY RD<br>Columbia SC 29209 | (d)TitleMax of South Carolina, INC. d/b/a Tit<br>15 Bull Street, Suite 200<br>Savannah, GA 31401 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)MTGLQ Investors LP | (u)Rushmore Management Services as servicer f | End of Label Matrix<br>Mailable recipients    29<br>Bypassed recipients     2<br>Total                  31 |